UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

ANTHONY K. JOHNSON,           )      CASE NO. 3:09 CV 954
                             )
          Petitioner,        )      JUDGE DAN AARON POLSTER
                             )
     v.                      )
                             )      MEMORANDUM OF OPINION
BRIAN COOK,                   )      AND ORDER
                             )
          Respondent.        )

On April 24, 2009, petitioner pro se Anthony K. Johnson
Chapman filed the above-captioned petition for a writ of habeas
corpus under 28 U.S.C. § 2254.  Johnson is incarcerated in an Ohio
penal institution, having been convicted in 1992, pursuant to a
jury verdict, of aggravated  robbery (3 counts) with firearm
specifications (3 counts).  For the reasons stated below, the
petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by
a person in state custody only on the ground that he is in custody
in violation of the Constitution, laws, or treaties of the United
States.  28 U.S.C. § 2254(a).  In addition, petitioner must have
exhausted all available state court remedies.  28 U.S.C. § 2254(b);
Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam);
Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994).  The Court

of Appeals for the Sixth Circuit has determined that "[t]he exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." <u>Manning v. Alexander</u>, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

The petition reflects that Johnson filed a postconviction motion for modification of sentence in 2006. The motion was initially denied on the erroneous ground that Johnson was deceased, but it was subsequently determined that the sentencing issue was barred by the doctrine of res judicata, as it could have been raised on direct appeal. <u>See</u>, <u>State v. Johnson</u>, No. L-07-1338, 2008 WL 746958 (Lucas Cty. Mar. 21, 2008). Thus, petitioner was procedurally barred from raising his claims in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to case. <u>Riggins v. McMackin</u>, 935 F.2d 790, 793 (6th Cir. 1991)(citing <u>Murray v Carrier</u>, 477 U.S. 478, 488 (1986); <u>see</u>, <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1990); <u>see also</u>, <u>Hannah v. Conley</u>, 49 F.3d 1193, 1197 (6th Cir. 1995)(pro se status and ignorance of his rights do not constitute cause excusing a petitioner's failure to properly raise grounds before the state courts). No such showing is reasonably suggested by the petition.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court

2

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


                  /s/Dan Aaron Polster 7/13/09
                  DAN AARON POLSTER
                  UNITED STATES DISTRICT JUDGE